# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 99-2942EM, 99-2943EM

_____

_____

No. 99-2942EM

_____

Mark Andy, Inc.,

          Plaintiff-Appellee,

v.

Hartford Fire Insurance Company,

          Defendant-Appellant,

Trumbull Insurance Company

          Defendant.

_____

Hartford Fire Insurance Company,

          Third-Party Plaintiff-
          Appellant,

Trumbull Insurance Company,

          Third-Party Plaintiff,

v.

On Appeal from the United
States District Court
for the Eastern District
of Missouri.

Lockton Insurance Agency of St. Louis, Inc.,                  *

      Third-Party Defendant-Appellee.               *

_____

No. 99-2943EM

_____

Mark Andy, Inc.,                 *

      Plaintiff-Appellant,               *

      v.                     *

Hartford Fire Insurance Company,        *

      Defendant-Appellee,            *

Trumbull Insurance Company,          *

      Defendant.                  *

_____

Submitted: November 20, 2000

Filed: December 4, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

We have before us a petition for partial rehearing by the panel, filed by Hartford Fire Insurance Company. In this panel's previous opinion, <u>Mark Andy, Inc. v. Hartford Fire Insurance Co.</u>, 229 F.3d 710, 718-19 (8th Cir. 2000), we held that Mark Andy was entitled to recover against Hartford for the full amount of its business-interruption damages ($6,302,000). This holding was based in large part on our view that Hartford itself had, through trial testimony, conceded that business-interruption losses were recoverable without regard to the property-damage flood-loss limit at the Chesterfield facility.

Hartford's petition for partial rehearing by the panel argues that this holding was based on a misreading of the record, and that Hartford had not in fact made any such concession. We have reexamined the portions of the record relied on in our previous opinion, and we conclude that Hartford's position, insofar as it questions our reliance on a concession, has merit. It is true that Hartford's witnesses conceded that business-interruption losses were covered, in general, under a blanket insurance provision, up to a limit of $38,500,000. This testimony, however, did not specifically concede that business-interruption losses caused by flood at the Chesterfield facility would be covered in excess of the $5,000,000 sublimit for that facility.

We nevertheless adhere to the conclusion previously reached — that Mark Andy is entitled to recover for the business-interruption losses in question. This conclusion follows, we think, from a careful examination of all of the relevant provisions of the policy.

The General Conditions of the property damage coverage which Hartford provided Mark Andy insured "against all risks of physical loss or damage, except as excluded, to covered property." The policy contained a flood exclusion, excluding loss or damage caused by flood "unless specifically endorsed hereon as being insured." A Flood Endorsement was included in the package with the above-noted $5 million sublimit for the Chesterfield Valley facility.

Part B of the property damage coverage insured against "loss resulting directly from necessary interruption of business caused by physical loss or damage of the type insured against to real or personal property of the type covered located on Described Premises."  There was no sublimit for this type of loss.

The policy included an "All Other Perils (AOP) Sublimit" declaration which stated as follows:  "Liability for loss under this policy arising out of one Occurrence shall not exceed $38,500,000 . . . ."  At trial, Hartford explained that under the All Other Perils declaration, business-interruption losses could be claimed up to a limit of $38,500,000, provided there was some direct property damage (Mark Andy's Appendix at 221-22; 250-51).  This testimony was in the context of the fire and the boiler-and-machinery portions of the policy's property damage coverage.

Hartford now argues that because flood coverage was provided in an endorsement (unlike fire coverage) with its own sublimit (unlike the boiler-and-machinery endorsement, which had no sublimit), the All Other Perils declaration did not apply.  Rather, Hartford argues, the $5 million sublimit applied to business-interruption loss caused by a flood as well as to direct property damage.  Mark Andy argues that the sublimit in the flood endorsement applies only to direct property damage, and that once flood was no longer an excluded cause of loss, the All Other Perils declaration applied to flood just as it did to any other cause of loss.

Our reading of the policy as a whole leads us to the conclusion that Mark Andy's position is correct.  We especially note that, unlike the Flood Endorsement, which was silent on the matter of business-interruption losses, the Transit Endorsement (which covered personal property of the insured while such property was in transit between the United States, Puerto Rico, or Canada) specifically stated that it did not insure against loss resulting from the interruption of business.

At best, the insurance policy is ambiguous on the issue of business-interruption losses caused by a flood, and it is axiomatic that ambiguous provisions in an insurance policy are construed against the insurer.  See, e.g., State Farm Mut. Auto. Ins. Co. v. Bridges, 6 S.W. 3d 170, 173 (Mo. App. 1999).

Mark Andy's amended complaint sought the full recovery of business-interruption losses.  Although Mark Andy sought these damages under the flood-loss provision (which it maintained should be reformed to $25 million), we do not believe this circumstance defeats its entitlement to these damages.  Hartford stresses that the issue of recovery of business-interruption losses came before the District Court in the form of a motion by Mark Andy to amend its pleadings to conform to the proof.  The District Court denied this motion, and, as Hartford rightly emphasizes, such a decision is reviewable only for abuse of discretion.  In the instant case, we believe that sustaining the decision would work a manifest injustice, and that it should be reversed even under the exacting standard of review that we must apply.  See Fed. R. Civ P. 54(c) ("Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings").

For these reasons, we adhere to our previous position that Mark Andy is entitled to recover the full amount of its business-interruption losses, and the petition for partial rehearing by the panel is denied.

The petition for rehearing en banc will be decided separately.

It is so ordered.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.